IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR S-02-0213-MCE-CMK |
| Respondent, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ELIAS MIGUEL BERRERA-MEDINA, | |
| Movant. | |
| _____/ | |

Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255. Pending before the court is respondent's motion to dismiss (Doc. 392 in the criminal docket) movant's motion as time-barred.

**I.  BACKGROUND**

On May 28, 2003, a jury returned verdicts of guilty on a multi-count indictment filed against movant and seven others. Petitioner was sentenced to 295 months in prison on August 12, 2003. On July 7, 2005, the Ninth Circuit Court of Appeals issued a decision affirming the convictions by remanding for the district court to consider re-sentencing pursuant

to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005). See United States v. Barrera-Medina, 139 F. App'x 786 (9th Cir. 2005). On March 14, 2006, the district court declined to alter the original sentence. On September 25, 2006, the Ninth Circuit Court of Appeals summarily affirmed the district court's sentence. See United States v. Barrera-Medina, 202 F. App'x 282 (9th Cir. 2006). Movant did not seek certiorari in the United States Supreme Court. The instant § 2255 motion was filed on August 19, 2009.

## II. DISCUSSION

Motions under 28 U.S.C. § 2255 must be filed within one year from the later of: (1) the date the judgment of conviction became final; (2) the date on which an impediment to filing created by governmental action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255. Typically, the statute of limitations will begin to run on the date the judgment of conviction became final. See 28 U.S.C. § 2255(1); see also United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Guided by the Supreme Court's definition of finality set forth in Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987), the Ninth Circuit has held that, for purposes of a § 2255 motion, finality is determined under the definition set forth in 28 U.S.C. § 2244(d)(1) for habeas corpus cases brought by state prisoners.[1] Thus, the one-year statute of limitations for a § 2255 motion begins to run "upon the expiration of the time during which [the movant] could have sought review by direct appeal." Schwartz, 274 F.3d at 1223.

Under Federal Rule of Appellate Procedure 4(b)(1)(A), an appeal from a criminal judgment must be filed within ten days after entry of judgment. Therefore, where no direct

---

[1] The Ninth Circuit has also held that there is no reason to distinguish between the limitations periods imposed on state prisoners under § 2244(d)(1) and federal prisoners under § 2255. See United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004).

2

appeal is filed, the one-year limitations period begins to run ten days after entry of the judgment of conviction.  See id.  If a direct appeal is filed, the conviction becomes final when the 90-day period for filing a petition for certiorari has elapsed or certiorari has been denied.  See United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) (citing Griffith, 479 U.S. at 321 n.6).  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run on the effective date.  See United States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002) (concluding that Monreals's motion was due by April 23, 1997 – one year after April 24, 1996); see United States v. Skurdal, 341 F.3d 921, 924 n.2 (9th Cir. 2003) (concluding that Skurdal's § 2255 motion was due by April 23, 1997, because his conviction became final before the effective date); but c.f. Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999) (concluding, in the context of a habeas corpus petition filed by a state prisoner whose conviction became final before the effective date, that the one-year limitations period began to run the day after the effective date).  Finally, the limitations period under § 2255 is subject to equitable tolling where extraordinary circumstances beyond the movant's control made it impossible to file a motion on time.  See United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (citing Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)).

        The parties agree that, absent equitable tolling, movant's § 2255 motion was due in late December 2007.  Movant argues that he is entitled to equitable tolling because his appellate counsel failed to inform him of the Ninth Circuit's September 25, 2006, summary affirmance.  According to movant, appellate counsel never responded to his requests for information regarding his case and that he only learned of the September 25, 2006, order after contacting the court clerk.  As to equitable tolling, respondent states:

> There is reason to doubt the facts as alleged by Petitioner.  The undersigned has contacted Petitioner's appellate lawyer, Victor Haltom, who disputes Petitioner's allegations.  Further, the appellate docket indicates that the Ninth Circuit informed Petitioner in October 2006 that his appeal had been summarily affirmed and sent a copy of that decision directly to him.  The undesigned has contacted the Clerk's office for the Ninth Circuit which states that such a copy, while perhaps stamped

> "Prisoner," would not necessarily be designated as legal mail. Thus, the fact that Petitioner did not receive legal mail during the time period at issue does not corroborate his assertion that he never received the appellate court's order. However, an evidentiary hearing is not necessary to resolve these factual issues because even if the facts alleged by Petitioner are true, equitable tolling is not warranted.
>
> * * *
>
> Even taking Petitioner's account as true, his intermittent efforts to contact his lawyer are insufficient to establish reasonable diligence under the circumstances. Although Petitioner did write two letters to his lawyer before his conviction became final on December 24, 2006, he apparently waited two years after his last attempt to inquire of either court or counsel regarding the status of his case (despite not receiving any response to his earlier inquiries). This conduct falls woefully short of the diligence required to equitably toll the limitations period. (citation omitted). . . . In this case, Petitioner did nothing for almost two years to determine the status of his appeal. Court's routinely find such lackadaisical efforts insufficient to toll the strict statutory limitations period in habeas cases. (citations omitted). Further, when the Ninth Circuit informed Petitioner in January 2009 that his appeal had been dismissed (notwithstanding that the Ninth Circuit docket indicates that Petitioner had been notified of that fact in November 2006), he waited until August 2009 to file his 2255 motion. Such a long delay further highlights Petitioner's lack of diligence in pursuing his case. (citation omitted). Regardless of appellate counsel's alleged actions (or inaction), Petitioner's lack of diligence forecloses the possibility of equitable tolling in this case.

Respondent also argues that, even if the facts as alleged by movant regarding appellate counsel are true, and even if the court finds that movant exercised due diligence, movant is still not entitled to equitable tolling because counsel's alleged conduct was not sufficiently egregious. Respondent points the court to United States v. Rodriguez, 2009 WL 1424260 (E.D. Cal. 2009), in which the court held, on similar facts, that movant was not entitled to equitable tolling because counsel's conduct was not sufficiently egregious.

In his opposition, movant argues that counsel: (1) promised to represent him "up until to certiorari to the United States Supreme Court"; (2) without any notice, counsel "severed all communications with Petitioner regarding his appeal status"; (3) "deceived Petitioner into believing he would file a petition of certiorari"; and (4) told movant not to discuss his case with anyone. He concludes that his case is distinguishable from the cases cited in respondent's

1  motion because "counsel clearly did deceive his client." In his § 2255 motion, movant sets forth
2  the following timeline:

| | | |
|---|---|---|
| 3 | September 29, 2006 | Letter from movant to appellate counsel inquiring as to the status of his appeal. |
| 4 | | |
| 5 | October 30, 2006 | Letter from movant to appellate counsel inquiring as to the status of his appeal. |
| 6 | November 7, 2008 | Letter from movant to appellate counsel inquiring as to the status of his appeal. |
| 7 | | |
| 8 | April 14, 2009 | Date on which movant first learned of summary affirmance of sentence by Ninth Circuit. |

9  Movant also attaches to his motion a copy of the Ninth Circuit Court of Appeals' docket sheet
10 for his appeal shoring entries between March 23, 2006, and January 13, 2009. In his opposition
11 to respondent's motion, movant argues:

12        For months, Petitioner sought his counsel communication to be
13     advised about the status of his case, although Petitioner tried, many times,
       to contact his counsel, counsel never made an attempt to contact Petitioner
       and advise Petitioner of the abandonment of the case, preventing Petitioner
14     from filing a timely petition.

15        As stated above, equitable tolling of the statute of limitations imposed by § 2255
16 is available in extraordinary circumstances beyond movant's control which made it impossible to
17 file on time. See Battles, 362 F.3d at 1197. The situation movant describes is similar to the
18 situation discussed in Battles and Ford v. Hubbard. Discussing the facts of Ford, the Ninth
19 Circuit stated:

20        . . . In Ford, as here, the claim was untimely filed. Id. at 1105. There, as
          here, the attorney did not deliver "the complete set" of legal papers in a
21        timely fashion. Id. There, as here, at least a portion of the file had been
          forwarded at an earlier time. Id.
22
          Battles, 362 F.3d at 1197 (citing Ford, 330 F.3d 1086 (9th Cir. 2003)).
23
    In Battles, the Ninth Circuit quoted the following from Ford:
24
          There are no cases in this circuit determining whether an attorney's failure
25        or refusal to provide a habeas client with important parts of his legal file
          may rise to the level of "extraordinary circumstances" for purposes of
26        equitable tolling. We prefer not to decide that question here, because the

5

> factual record is insufficiently developed . . .  [T]he district court in Ford's case did not give the petitioner an opportunity to amend his petition or expand his declaration and did not hold an evidentiary hearing. Because equitable tolling issues "are highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significan[ce] in the first instance," we remand . . . to the district court with instructions to develop an adequate evidentiary record before again determining whether the statute of limitations should be equitably tolled.

Id. at 1198 (quoting Ford, 330 F.3d at 1107).

The Ninth Circuit also remanded Battles' case for the same reason.  See id.

The court is mindful of Joe v. Mitchell, in which Judge Beck concluded that equitable tolling did not apply in a similar circumstance.  See 2007 WL 1430101 (E.D. Cal. May 15, 2007).  Judge Beck distinguished Battles and Ford because the petitioner "provides no factual support that he requested the client file. . . ."  See id. at *5.  He also concluded that the record demonstrated that petitioner "made no effort to obtain the client file until . . . well after the statute of limitations expired."

The court finds that the instant case is more like Joe v. Mitchell than either Battles or Ford.  In Joe v. Mitchell, the court concluded that equitable tolling did not apply because the movant had not demonstrated due diligence in seeking information regarding the status of his case.  The same is true here.  Assuming all of the dates outlined by movant are accurate, the timeline they establish reveals that movant did nothing between October 2006 and November 2008.  In particular, movant made no efforts to obtain information about his case for the entire year prior to the conviction and sentence becoming final in late December 2007.  Moreover, movant does not address the Ninth Circuit's docket sheet which indicates that a copy of the September 25, 2006, summary affirmance order was sent directly to movant on or about October 25, 2006.  This evidence alone – which is part of movant's motion – creates a presumption that movant received notice of the Ninth Circuit's September 2006 decision well in advance of expiration of the statute of limitations in December 2007 and movant does nothing to rebut that presumption.

In addition, the court agrees with respondent that, even if appellate counsel was in fact negligent in failing to provide notification of the Ninth Circuit's decision, such conduct does not rise to the level of "extraordinary circumstances" which prevented movant from filing his § 2255 motion on time. As discussed above, the Ninth Circuit's docket sheet reflects that movant was provided with a copy of the September 2006 decision sometime in October or November 2006. Thus, despite counsel's alleged conduct, movant had the ability to find out for himself the status of his case and to proceed accordingly. While movant contends that counsel intentionally deceived him, there is no evidence to support this contention.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 392 in the criminal docket) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE